BYBEE, Circuit Judge,
concurring in part and dissenting in part:
I concur in part and dissent in part. On appeal, the Lees present both a facial and an as-applied challenge to Oregon Revised Statute § 462.080(1).[1] The majority concludes that the Lees’ as-applied challenge fails because the Commission offered alternative grounds for its decision and the constitutionality of at least one of those was not challenged. I join the majority opinion on this point. Inexplicably, however, the majority declines to decide the merits of the Lees’ facial challenge because it finds that the magistrate judge, *678 having concluded that the “detrimental to the best interest of racing” provision was facially void for vagueness, should have severed the unconstitutional provision to preserve the statute’s constitutionality. See Or. Rev. Stat. § 174.040. There is no need to determine whether the magistrate judge failed to sever: Once the majority concludes that section 462.080(1) was constitutionally applied here, it necessarily answers whether the statute is unconstitutional on its face. It is not. I dissent because our jurisprudence demands that we reverse, and not merely vacate, the magistrate judge’s holding that section 462.080(1) is unconstitutional on its face.
The magistrate judge concluded that section 462.080(1) was facially unconstitutional because the provision that authorizes the Commission to exclude any person whom it finds “detrimental to the best interest of racing” vested “unbridled discretion in the ORC.” The magistrate judge based her conclusion on a series of cases addressing facial challenges to criminal statutes that regulated conduct related to First Amendment activity and concluded that section 462.080(1) “invites arbitrary enforcement and does not meet even the more lax scrutiny applied to statutes proscribing civil penalties.” See Smith v. Goguen, 415 U.S. 566, 568, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974) (invalidating a statute attaching criminal liability to anyone “who treats contemptuously the flag of the United States”); see also Nunez v. City of San Diego, 114 F.3d 935, 938 (9th Cir.1997) (invalidating a city ordinance making it unlawful for minors to “loiter, wander, idle, stroll, or play” after curfew).
The majority concludes that the magistrate judge failed to sever the statute, as required by Oregon law. But Oregon law does not permit severing provisions that are merely subject to constitutional challenge. Rather, it permits severance only when a part of the statute is actually held to be unconstitutional. Oregon Revised Statute § 174.040 provides:
It shall be considered that it is the legislative intent, in the enactment of any statute, that if any part of the statute is held unconstitutional, the remaining parts shall remain in force unless:
(1) The statute provides otherwise;
(2) The remaining parts are so essentially and inseparably connected with and dependent upon the unconstitutional part that it is apparent that the remaining parts would not have been enacted without the unconstitutional part; or
(3) The remaining parts, standing alone, are. incomplete and incapable of being executed in accordance with the legislative intent.
Or. Rev. Stat. § • 174.040 (emphasis added). The majority does not hold any part of the statute unconstitutional. Instead, the majority assumes that if the “detrimental to the best interest of racing” provision was unconstitutional, the magistrate judge should have severed it. Perhaps the magistrate judge should have severed that pro- ■ vision; but we have the merits of her decision before us. I would reverse the magistrate judge because she incorrectly concluded that the statute was unconstitutional on its face, not because she failed to sever the statute.
Our precedents clearly provide that, to advance a facial challenge to the constitutionality of a civil statute, the Lees “must demonstrate that there is no set of circumstances in which the statute could be applied in a constitutionally valid manner.” United States v. Bynum, 327 F.3d 986, 990 (9th Cir.) (citing United States v. Salerno, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987)), cert. denied, 540 U.S. 908, 124 S.Ct. 279, 157 L.Ed.2d 195 (2003); see also Hotel & Motel Ass’n v. City of Oakland, 344 F.3d 959, 971-72 (9th Cir. *679 2003), cert. denied, 542 U.S. 904, 124 S.Ct. 2839, 159 L.Ed.2d 268 (2004); S.D. Myers, Inc. v. City and County of San Francisco, 253 F.3d 461, 467-68 (9th Cir.2001). We apply a less rigorous standard of review to vagueness challenges that do not argue that the statute regulates First Amendment-related conduct. Nevertheless, even “a party challenging the facial validity of an ordinance on vagueness grounds outside the domain of the First Amendment must demonstrate that ‘the enactment is impermissibly vague in all of its applications.”’ Hotel & Motel Ass’n, 344 F.3d at 972 (quoting Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982)). Here, the Lees have not alleged that section 462.080(1) is unconstitutionally vague because it regulates conduct protected by the First Amendment and have not demonstrated that the statute is impermissibly vague in all its applications.
The majority grounds its refusal to consider the facial challenge in the doctrine of constitutional avoidance, citing the following language from our decision in United States v. Sandoval-Lopez, 122 F.3d 797, 802 n. 9 (9th Cir.1997): ‘We avoid constitutional questions when an alternative basis for disposing of the case presents itself.” While I agree with the majority that there is an alternative basis for disposing of the as-applied challenge, there is no alternative basis for disposing of the facial challenge. Indeed, there is no reason for refusing to reverse the magistrate judge’s judgment outright: the majority’s opinion proves that section 462.080(1) is capable of constitutional application. The magistrate judge’s conclusion that section 462.080(1) is unconstitutional on its face is demonstrably wrong.
The majority simply vacates the entirety of the magistrate judge’s ruling on the facial challenge without engaging in an analysis of its merits. I would apply the facial challenge test required by the Supreme Court in Salerno and Hoffman Estates, as we have done previously in Bynum, Hotel & Motel Ass’n, and S.D. Myers. I conclude that the Lees cannot sustain a facial challenge, and I would reverse that portion of the judgment.
I respectfully dissent.

. Or. Rev. Stat. § 462.080(1) provides:
The Oregon Racing Commission may exclude from any and all race courses any person whom the commission deems detrimental to the best interest of racing or any person who willfully violates any provision of this chapter or any rule or order issued by the commission or any person who has been found guilty of violating any laws of this state, another state or the United States related to gambling or wagering or which adversely reflects on the person's honesty. The commission may take such action without first providing a hearing and without being subject to either criminal or civil liability. However, if no hearing is provided, then, within 10 days after the board’s action and upon demand of the aggrieved party, the commission shall grant a hearing as provided in ORS chapter 183, except that such hearing shall take place no later than 20 days following demand.